BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

Rcvd_____ OCT 0 9 2019
_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:18-CR-00401-EJL |
|---|---|
| Plaintiff, | **THIRD SUPERSEDING INDICTMENT** |
| vs. | 18 U.S.C. § 2 |
| STEVEN TODD THOMPSON, COLT MURDOCK SPENCER, | 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), 846, 853 |
| Defendants. | |

The Grand Jury charges:

## COUNT ONE

**Conspiracy to Distribute Controlled Substances
21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846**

Between February 1, 2017, and continuing thereafter until December 10, 2018, in the

Districts of Idaho and Nevada, and the Central and Southern Districts of California, the

defendants, STEVEN TODD THOMPSON and COLT MURDOCK SPENCER, knowingly and

intentionally conspired and agreed with David Paul Roberts, Echo Marie Dalos, and Cooperator

#5, who is an individual with the initials D. B., to commit the following offenses against the

**THIRD SUPERSEDING INDICTMENT - 1**

United States: distribution of methamphetamine, a Schedule II controlled substance, and distribution of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

## COUNT TWO

### Aiding and Abetting the Possession of Methamphetamine with the Intent to Distribute
### 21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2

On or about December 10, 2018, in the District of Idaho, the defendant, STEVEN TODD THOMPSON, did aid and abet, David Paul Roberts, who knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

### Possession of Methamphetamine with the Intent to Distribute
### 21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about December 10, 2018, in the District of Idaho, the defendant, STEVEN TODD THOMPSON, knowingly and intentionally possessed with intent to distribute five grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Counts One through Three of this Third Superseding Indictment, the defendants, STEVEN TODD THOMPSON and COLT MURDOCK SPENCER, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendant obtained directly or

**THIRD SUPERSEDING INDICTMENT - 2**

indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses including but not limited to the following:

1. <u>Unrecovered Cash Proceeds</u>: At least $20,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the charged offenses, property involved in or facilitating such offenses, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants.

**Substitute Assets**

Pursuant to 21 U.S.C. § 853 and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided

without difficulty.

Dated this 8th day of October, 2019.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
CHRISTOPHER S. ATWOOD
ASSISTANT UNITED STATES ATTORNEY