UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>STEVEN TODD THOMPSON,<br><br>Defendant. | Case No. 1:18-cr-00401-BLW-2<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE** |

**INTRODUCTION**

Defendant Steven Todd Thompson is scheduled to appear before the Court for sentencing in this matter on June 19, 2020. Currently pending before the Court is Defendant's motion to strike Exhibit 1 to the government's sentencing memorandum (Dkt. 352), or in the alternative, to continue sentencing for 45 days to allow Defendant time to prepare a response to the Exhibit. Dkt. 354. After considering the motion and the government's response[1] (Dkt. 357), for the reasons explained below, the Court will grant the motion.

---

[1] This order addresses the Defendant's motion as to the sentencing memorandum filed as Docket 352. Although the Court notes the government has agreed to strike Exhibit 1 and further amend the memorandum (*see* Dkt. 357; Dkt. 358), the motion still stands as the government disagrees that it materially breached the plea agreement by filing the first sentencing memorandum. Therefore, the issue is not wholly moot and the Court provides this order.

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

## BACKGROUND

On January 15, 2020, Defendant entered into a written plea agreement with the government. Dkt. 275. Therein, the parties agreed that the Defendant would plead guilty to Count One of the Third Superseding Indictment, which charges Defendant with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. *Id.* at 1.

In exchange for Defendant's admission, the government agreed, at the time of sentencing, to dismiss Counts Two and Three, as well as to recommend a sentence within the applicable advisory guideline range as determined by the Court. *Id.* The parties also stipulated that Defendant's base offense level is 26, and that Defendant was a minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b)—which would entitle him to a two-level decrease in offense level.[2] *Id.* at 6-7. This reduction was also contemplated by the United States Probation Officer (USPO) in the Presentence Investigation Report (PSR).

---

[2] Application Note 5 provides that §3B1.2(b)'s 2-level reduction for minor participants applies to defendants who are "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." The Ninth Circuit has held that district courts must consider the factors enumerated in the guideline and "compare the defendant's involvement to that of all likely participants in the criminal scheme for whom there is sufficient evidence of their existence and participation." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018).

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

## DISCUSSION

In the motion to strike, Defendant argues that the government has materially breached the terms of the plea agreement through the arguments presented in its sentencing memorandum, which as Defendant argues, portrays his "role in the offense as an aggravated one" rather than a minor role. Dkt. 354-1 at 2. In particular, Defendant argues the Court should enter an order striking Exhibit 1 to the memorandum so he can receive the benefit of his plea agreement bargain. The Defendant argues also that the Court should prohibit the government from presenting evidence or argument that he was more than a minor participant at sentencing. In response, the government argues it has not materially breached the plea agreement, but, out of an abundance of caution, agrees the Court should strike Exhibit 1 and all references thereto within the sentencing memorandum, as well as Exhibit 2 and all references thereto within the sentencing memorandum. *See* Dkt. 357. The government has submitted an amended sentencing memorandum reflecting these amendments. Dkt. 358.

In each sentencing memorandum, the government argues the Court should "sentence the Defendant to a term of imprisonment within the advisory guideline range followed by three years of supervised release." Dkt. 352 at 1; Dkt. 358 at 1. The first memorandum noted that the PSR, which was also used for the other co-defendants in the case, "contains minimal information about Defendant's

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

involvement in the conspiracy beyond the drugs found in his house." Dkt. 352 at 2. In each memorandum, the government stated it was providing the Court with additional information "for the sole purpose of responding to Defendant's request for a downward variance" and to support its argument for a sentence within the advisory guideline range. *Id.*; Dkt. 358 at 2.

The government proceeds to provide details of Defendant's alleged participation in drug trafficking with codefendant David Roberts and others in detail specific to Defendant and beyond that included in the PSR. Dkt. 352 at 2-6; Dkt. 358 at 2-6. After doing so, the government notes, however, that Defendant was a minor participant. Dkt. 358 at 6. In the first sentencing memorandum, the government argued that the additional evidence shows "*the further reduction*, as requested by Defendant in his written notice for a downward variance, is not warranted." Dkt. 352 at 6 (emphasis added).

Exhibit 1 to the government's first memorandum is the post-Miranda interview of a co-defendant after his detention and arrest. Dkt. 352-1 at 1-3. The interview includes specific questions about the co-defendant's knowledge of and involvement with Defendant related to the drug trafficking scheme. *Id.* at 2. Defendant argues this information "seeks to inflate [Defendant's] role as some kind of near equal to David Roberts" and thus materially violates the plea agreement's minor role provision. Dkt. 354-1 at 3. Indeed, in the first

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

memorandum the government argued that, Defendant "was more involved that he would like the Court to believe. His involvement spanned a lengthy period. His conduct involved not just selling methamphetamine for Roberts but also assisting Roberts with transporting the methamphetamine and alerting Roberts to avoid law enforcement detection." Dkt. 352 at 7.

A criminal sentencing "must be attended by safeguards to ensure the defendant what is reasonably due in the circumstances." *Santobello v. New York*, 404 U.S. 257, 262, (1971). When a guilty "plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement of consideration, such promise must be fulfilled." *Id.* As such, a plea bargain may be enforced through specific performance.

Defendant cites *United States v. Brannum* in support of the motion to strike. 804 F. App'x 798, 799 (9th Cir. 2020). There, the parties stipulated in the plea agreement that "the total tax loss to the Government… was $101.555.00." The probation officer relied on the figure in drafting the PSR and making a sentencing recommendation. *Id.* However, the government's sentencing memorandum contended that the defendant "actually caused a tax loss of approximately $3.3 million" and sought a significantly higher sentence than that recommended in the PSR. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

This Court found the government had not breached the agreement by citing the higher figure, but did not consider the figure at sentencing. *Id.* The Defendant appealed on the issue of whether the prosecutor's statement in the sentencing memo, as a matter of law, constituted a breach of the plea agreement. *Id.* The Court of Appeals for the Ninth Circuit found the government's reliance on the higher loss figure "at sentencing" was a breach of the unambiguous tax loss stipulation figure in the plea agreement. *Id.* On appeal, the government argued the plea agreement figure represented only the "criminal losses" for Guidelines purposes, rather than the actual total loss of tax revenue, which could be used in applying the 18 U.S.C. § 3553(a) factors. In explaining its ruling, the Ninth Circuit noted that the government's reservation of a right to allocute in favor of a guidelines sentence "did not allow it to do so in a manner at odds with other express stipulations." *Id.*

The teaching of *Brannum,* as well as the cases upon which it relied, is that a defendant is entitled to the full benefit of the bargain struck in his or her plea agreement with the government. And, as a corollary, the government may not make any argument or submit any evidence in the sentencing process which is inconsistent with the commitments it made to the defendant in the plea agreement.

So what was the parties' agreement here? We start with the provision in which the government reserved the right to "allocute fully at sentencing regarding any sentencing recommendation," and to present "any information . . . in support

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

of its recommendation," even if that information is not contained in the pre-sentence investigation report. However, that right is not absolute. Rather, the parties agreed that any restriction on the government's ability to present evidence at sentencing, "must be specified in [the plea] agreement."

One such restriction on the government is contained in ¶ B(4) of the plea agreement, which provides that "The parties agree the Defendant was a minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b)." Reading these provisions of the plea agreement together, the government agreed, not only to the defendant receiving the minor participant 2-level downward adjustment, but also that it would not present anything at sentencing that would contradict such a finding by the Court. Thus, the government is precluded from offering any evidence or argument that would contradict a finding that Defendant is "less culpable than most other participants in the criminal activity" after comparing his involvement with that of all likely participants in the criminal scheme. *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018).

Finally, we turn to the question of whether the government's sentencing memorandum, including Exhibit 1, can be construed as undermining or contradicting Defendant's entitlement to the minor role in the offense adjustment. Here, the government has indicated that, in opposition to Defendant's request for a variance, it intends to present evidence of Thompson's arguably significant

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

involvement in the overarching drug trafficking scheme. That evidence is primarily contained in Exhibit 1 to the government's sentencing memorandum. After review, the Court finds the information contained in Exhibit 1 is at odds with the express stipulation that Defendant played only a minor role in the drug trafficking scheme and activities of David Roberts and others. As such, the Court will grant Defendant's motion to strike Exhibit 1. Given the government's response to the motion, the Court finds the amended sentencing memorandum comports with this finding. The Court will also strike Exhibit 2. The Court cautions the government from providing any allocution at sentencing at odds with the express stipulation of Defendant's minor role.

The Court also finds, however, that the government has not implicitly argued that the Court should reject the parties' agreement regarding the two-level minor role reduction. The government's memorandums, both first and amended, include reference to its stipulation and agreement to the two-level reduction. In other words, the government has not "forcefully argued a sentence other than the stipulated one" and thus has not "denied the defendant a united front" on the issue. *See United States v. Heredia*, 768 F.3d 1220, 1235 (9th Cir. 2014).

It seems appropriate to give further direction to the parties on this issue. Both the government and Defendant agreed that he was a minor participant in the offense under the guidelines. The government cannot contradict that agreement;

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**

but, if Defendant argues for a variance because the agreed-upon, 2-level adjustment under §3B1.2(b) inadequately reflects how limited his role was in the conspiracy, the government is entitled to rebut that argument. That rebuttal must be limited to arguing that Thompson's conduct was "less culpable than most other participants in the criminal activity," but that his "role could not be described as minimal." This provides the government and Defendant with the benefit of the bargain they reached in executing the plea agreement.

If, after review, the Defendant believes the amended sentencing memorandum fails to adequately address the motion to strike, the Defendant must file a subsequent notice or motion with the Court. Further, considering the Court's findings above, if the Defendant objects to me presiding as the sentencing judge, Defendant must file a motion for reassignment to another District Judge.

Absent further motion, the Court will not continue the sentencing hearing set for June 19, 2020.

**IT IS SO ORDERED**.

DATED: **June 18, 2020**

B. Lynn Winmill
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE – 1**